**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHEREE DAVIS<br>8105 Large Street<br>Philadelphia, PA 19152<br><br>Plaintiff,<br>v.<br><br>WE C.A.R.E. HOME HEALTH AGENCY, LLC<br>1711 Bath Road<br>Bristol, PA 19007<br>and<br>SHIREETA COSOM<br>1711 Bath Road<br>Bristol, PA 19007<br>and<br>BERNADINE BENJAMIN<br>1711 Bath Road<br>Bristol, PA 19007<br>and<br>DARNELL COSOM<br>1711 Bath Road<br>Bristol, PA 19007<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Sheree Davis (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against We C.A.R.E. Home Health Agency LLC (hereinafter referred to as "Defendant WCHHA"), Shireeta Cosom, (hereinafter referred to as "Defendant S-Cosom"), Bernadine Benjamin (hereinafter referred to as Defendant Benjamin), and Darnell Cosom (hereinafter referred to as "Defendant D-Cosom") for violations

of the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, et. seq.), the Americans with Disabilities Act ("ADA" - 42 USC §§12101 *et. seq*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for various civil rights violations under the FMLA and the ADA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from the date of dual-filing with the PHRC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claim however will mirror identically her federal claims under the ADA.

administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit under within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult female, with an address as set forth in the caption.

8. Defendant WCHHA is a health care agency that provides a range of health-related services to individuals in their own home.

9. Defendant S-Cosom is the Chief Executive Officer ("CEO") of Defendant WCHHA who had control over the terms and conditions of Plaintiff's employment, including but not limited to supervision, discipline, hiring and firing.

10. Defendant Benjamin is the Chief Financial Officer ("CFO") of Defendant WCHHA who had control over the terms and conditions of Plaintiff's employment, including but not limited to supervision, discipline, hiring and firing.

11. Defendant D-Cosom is the Chief Operating Officer ("COO") of Defendant WCHHA who had control over the terms and conditions of Plaintiff's employment, including but not limited to supervision, discipline, hiring and firing.

12. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a 48-year-old female with a Master's Degree in Human Services.

15. Plaintiff was hired by Defendant WCHHA on or about March 5, 2021 and, in total, worked for Defendant WCHHA for approximately 4.5 years until her unlawful termination.

16. During the first approximate 3 years of her employment, Plaintiff worked as a Staffing Coordinator and was supervised by Director of Nursing Amanda Norman.

17. In this position, Plaintiff performed well, was issued positive performance feedback and raises.

18. In or about March of 2024, Plaintiff was promoted to Agency Manager/Executive Director and, as a result, was issued a significant raise of approximately $75,000.00 per year.

19. Plaintiff was well qualified for the position, as evidenced by her educational qualifications and her 4.5 years of experience with Defendants.

20. In this role, Plaintiff was praised for her hard work and was issued a raise.

21. In this position, Plaintiff was primarily supervised by Defendant S-Cosom and Defendant Benjamin.

22. Plaintiff has suffered from numerous medical conditions, including but not limited to, diabetes and neuropathy, an anxiety disorder, and other pain disorders.

23. These medical conditions affect and interfere with Plaintiff's bodily functions and daily activities, including walking, moving, standing, regulating her blood sugar, thinking, concentrating, interacting with others and, at times, working.

24. Plaintiff has obtained ongoing medical treatment for these conditions, including doctor's visits, therapy, and prescription medication.

25. Despite these medical conditions, Plaintiff was able to perform all the essential functions of her job, with accommodations.

26. In or about early September of 2025, Plaintiff experienced a severe flare up of her medical conditions.

27. Plaintiff was suffering from increased anxiety, insomnia, increased heart rate, an increase in pain from her neuropathy, and the loss of her hair due to this flare up.

28. In or about September 2025, after consulting with her psychiatrist and primary care physician, Plaintiff determined that she needed and would be requesting from Defendants a period of medical leave in order to treat her conditions.

29. In or about September 2025, prior to the commencement of her medical leave, Plaintiff spoke to both Defendant S-Cosom and Defendant Benjamin, in person, about her medical conditions and requested medical leave.

30. Initially, both Defendant S-Cosom and Defendant Benjamin encouraged Plaintiff to take as much time as was required for her to recover fully and assured that her job would be available upon her return.

31. However, in or about mid-September of 2025, Cosom presented Plaintiff with paperwork for a "Personal Leave Agreement," which was for a personal leave of absence not covered by the FMLA.

32. Upon receiving this form, Plaintiff reiterated to Defendant S-Cosom that this leave was due to an exacerbation of her medical conditions. Plaintiff even provided medical documents to Human Resources Officer Ashley Jordan (hereinafter "Jordan").

33. Yet, Defendant S-Cosom claimed that it would be more beneficial to Plaintiff to have her leave be considered a "personal leave" so Plaintiff could utilize her PTO and get paid during her absence.

34. Defendant S-Cosom once again assured Plaintiff that this was merely a technicality in order for Plaintiff to be paid during her leave and that her position would remain secure until she returned from her medical leave.

35. Plaintiff relied on Defendant S-Cosom's and Defendant Benjamin's assurances that they did not need her medical documents and that the paperwork provided to her was merely a formality.

36. In presenting the Personal Leave Agreement to Plaintiff and pressuring her to sign it, Defendants tried to force Plaintiff to waive her right to take FMLA leave, which is a *per se* FMLA violation.[2]

37. In or about late September 2025, Plaintiff commenced a medical leave of absence and, in total, was on medical leave for approximately 6-7 weeks, until in or about November 2025.

38. Despite that Plaintiff clearly requested medical leave for her own health conditions (which she repeatedly discussed with Defendants), Defendants not only failed to inform Plaintiff of her FMLA rights regarding this leave, they also failed to designate her time off as FMLA leave, failed to protect her job/position, failed to reinstate her to the same or similar position upon her return from leave, unlawfully attempted to force Plaintiff to waive her rights to use FMLA leave and otherwise failed to engage in any interactive process with Plaintiff to determine if her medical leave could be considered a reasonable medical accommodation under the ADA.

---

[2] Employees cannot waive, nor can employers induce employees to waive their prospective rights under the FMLA. *See* 29 C.F.R. 825.220(d). *See also Griffin v. Don E. Bower, Inc.,* 2017 U.S. Dist. LEXIS 163782 (M.D. Pa. 2017).

39. Defendants' failure to properly notify Plaintiff of her FMLA rights and their efforts to try to force Plaintiff to waive her right to FMLA leave discouraged Plaintiff from taking additional medical leave (i.e. the remaining 5-6 weeks of FMLA leave).

40. Defendants' conduct also caused Plaintiff to feel pressured to return to work in or about November 2025.

41. On or about November 3, 2025, Plaintiff returned from her medical leave.

42. On or about November 3, 2025, immediately upon return from her medical leave of absence, Plaintiff met with Defendant S-Cosom, Defendant Benjamin, Defendant D-Cosom, and Jordan. During this meeting, Defendants informed Plaintiff that she would not be reinstated to her position and that they would be placing someone else into the position.

43. When Plaintiff questioned why Defendants were removing her from the position and hiring someone else for the role, despite assuring her that they would hold her position for her while she was on leave, Defendants responded by saying Plaintiff was a "troublemaker," "nobody likes you" and that they were hiring someone else who "better fits the role."

44. Upon information and belief, Plaintiff discovered that Latoya Booker (hereinafter "Booker"), Defendant D-Cosom's cousin, was given Plaintiff's position. Booker does not suffer from a disability and had not taken medical leave.

45. During this November 3, 2025 meeting, as set forth above, Defendants told Plaintiff the only available position was for a Program Specialist. This role came with a significant reduction in pay. Plaintiff was previously earning $95,000 annually prior to her medical leave. The new position offered an annual salary of $65,000.

46. Thus, upon her return from what Defendants should have deemed an FMLA-approved medical leave, Plaintiff was not reinstated to the same or similar position and instead was demoted to a position that paid $30,000 less per year.

47. Furthermore, Defendant S-Cosom stated that Plaintiff could no longer work at Defendant WCHHA's Rockledge, PA location and instead had to work at Defendant WCHHA's West Chelten Avenue satellite location in Philadelphia, PA (which was a farther commute for Plaintiff).

48. Plaintiff immediately complained about this demotion, citing her impeccable professional record prior to her medical leave and recent promotion. Plaintiff also conveyed to Defendants that she believed these actions were punishment for her use of medical leave.

49. Defendants responded by trying to pressure Plaintiff to resign, telling her that she only had one option- either accept the "new role," which came with a huge reduction in pay or "resign."

50. Plaintiff did not resign from her position and instead continued working for Defendants in her "new" (demoted) role at Defendants' satellite location.

51. However, in early December 2025, shortly after Plaintiff returned from her medical leave and made complaints of discrimination, she was issued a Performance Improvement Plan ("PIP").

52. Defendants' PIP was vague, unwarranted, and unrealistic, and Plaintiff perceived it as merely a way to create a paper trail prior to her unlawful termination.

53. Immediately upon receiving the PIP, Plaintiff conveyed to Defendant S-Cosom that she perceived the PIP as a punishment for taking medical leave and subsequently raising complaints about discrimination.

54. Defendant S-Cosom disregarded Plaintiff's complaints, stating that if she did not sign the PIP she would be terminated.

55. Throughout December 2025, Defendants made derogatory comments about Plaintiff's medical conditions, including that Plaintiff "suddenly had diabetes" and that her conditions were "fake" or she was "using her medical issues as an excuse to take time off."

56. On January 8, 2026, shortly after Defendants made these derogatory comments about Plaintiff's medical conditions and need for medical leave, Plaintiff was abruptly terminated.

57. Defendants' termination letter to Plaintiff states that the decision was a purely business decision, that it was "solely based on necessity" and "is not a reflection of (Plaintiff's) job performance."

58. Thus, Plaintiff was terminated less than two months after she returned from an FMLA and ADA-qualifying medical leave and weeks after Plaintiff complained about discriminatory treatment.

59. Upon information and belief, after her termination, Plaintiff was replaced by Latoya Booker, a non-disabled employee.

60. Based on the foregoing, Plaintiff believes and avers that she was not reinstated to her position, demoted, issued an unwarranted PIP and/or ultimately terminated from her employment with Defendants in violation of state and federal law.

## COUNT I
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment)**
**- Against Defendant WCHHA only -**

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

63. Plaintiff kept Defendants' management informed of her serious medical conditions and need for medical treatment and other accommodations.

64. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

65. Plaintiff requested reasonable accommodations from Defendants, including but not limited to a brief period of medical leave.

66. Defendants made derogatory comments about Plaintiff's medical conditions, treated her poorly after she disclosed her medical conditions, failed to engage in any interactive process with her to determine if they could accommodate her medical conditions, failed to offer or grant her a medical leave of absence, pressured her to waive her right to use medical leave and/or an accommodation, made derogatory comments about her medical conditions, demoted and then terminated her because of her medical conditions and in retaliation for her requests for accommodations and complaints of discrimination.

67. Defendants also failed to engage in a meaningful interactive process to determine if she could be accommodated (i.e. permitted to take a medical leave while her job was protected) and failed to accommodate her.

68. Plaintiff believes and therefore avers that she was terminated from Defendants because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations (which constitutes illegal retaliation); (4) in retaliation for her complaints; and (5) Defendants' failure to properly accommodate her.

69. These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**
**- Against All Defendants -**

70. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

72. Plaintiff requested leave for her own serious medical conditions from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

73. Plaintiff had at least 1,250 hours of service with Defendant during the year preceding her request for FMLA leave.

74. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

75. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

76. Plaintiff requested FMLA-qualifying medical leave.

77. Defendants attempted to force Plaintiff to waive her prospective FMLA rights, in direct violation of the FMLA. *See* FMLA C.F.R. 825.220(d).[3]

[3] Employees cannot waive, nor can employers induce employees to waive their prospective rights under the FMLA. *See Griffin v. Don E. Bower, Inc.,* 2017 U.S. Dist. LEXIS 163782 (M.D. Pa. 2017).

78. Defendants also committed other interference and retaliation violations of the FMLA by: (1) disciplining, demoting and/or terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to discipline, demote and/or terminate her; (3) disciplining, demoting and/or terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (4) failing to properly notify Plaintiff about her FMLA rights and/or failing to properly designate her absences as FMLA-qualifying; (5) forcing Plaintiff to choose between using FMLA leave or paid time off instead of allowing her to take FMLA leave concurrently with her paid time off; (6) pressuring Plaintiff to "waive" her FMLA rights; (7) failing to reinstate Plaintiff to the same or similar position upon her return from FMLA leave; (8) demoting Plaintiff in violation of the FMLA; and (9) engaging in conduct that would dissuade a reasonable person from exercising their FMLA rights.

79. Defendants S-Cosom, D-Cosom and Benjamin are individually liable for the foregoing FMLA violations because they committed FMLA violations in the interest of their employment with Defendant WCHHA.[4]

80. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants'

---

[4] The FMLA permits individual liability. The regulations state that "[e]mployers . . . include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer, any successor in interest of a covered employer, and any public agency." 29 C.F.R. § 825.104(a). The regulations then explicitly provide that "individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA." 29 C.F.R. § 825.104(d). Accordingly, the FMLA regulations leave little doubt that individual liability is available under the FMLA. *Haybarger v. Lawrence County Adult Prob. & Parole*, 667 F.3d 408, 414 (E.D. Pa. 2012).

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B. Plaintiff is to be awarded liquidated and punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of the instant Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
Jeremy M. Cerutti, Esq. (200276)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
akarpf@karpf-law.com
jeremy@karpf-law.com

Date: October 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sheree Davis | : | CIVIL ACTION |
| v. | : | |
| We C.A.R.E. Home Health Agency, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/28/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):________________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVIS, SHEREE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

WE C.A.R.E. HOME HEALTH AGENCY, LLC, ET AL.

County of Residence of First Listed Defendant: Bucks

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 10/28/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______